1. **Criminal law ⊂⊃720(3)—Defendant may not object to comment by prosecutor on testimony admitted without objection.**

Where no objection was made to testimony when offered, and no motion to strike same when case was submitted, and record did not show any suggestion made by defendant to have court limit jury's consideration of testimony, *held* that defendant could not object to comment and argument by prosecutor on such testimony.

2. **Criminal law ⊂⊃720(1)—Counsel may comment on facts in evidence in argument to jury.**

Counsel have right in argument to jury to comment on facts in evidence.

3. **Criminal law ⊂⊃694—Admissibility of evidence may not be raised by objection to prosecutor's comment thereon in argument.**

Question of admissibility of evidence cannot be raised by objection to prosecutor's comment on it in his argument to jury.

Commissioners' Decision.

Appeal from District Court, Aransas County; T. M. Cox, Judge.

Gregorio Solis was convicted for unlawful sale of intoxicating liquor, and he appeals. Affirmed.

Tarlton & Lowe, of Corpus Christi, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

MARTIN, J. Appellant was indicted in two counts; the first charging the unlawful possession of liquor capable of producing intoxication and the second the unlawful sale of such liquor. The court charged only upon the second count. His punishment was assessed at one year in the penitentiary.

Upon the trial of the case the state proved in rebuttal by one Anastacio Polido that he purchased liquor from appellant numbers of times. Objection was made, and exception taken to the following remarks of the state's attorney to the jury:

"The witness Tacho Polido has told you that he purchased liquor from this defendant numbers of times. There can be no doubt about the guilt of this defendant in the face of this testimony. For some reason or other this defendant and his counsel have taken a dislike to this particular witness, but his testimony is worthy of credence; he has told you the facts, and he says that he bought liquor from the defendant, which all goes to show that the defendant is guilty."

[1-3] Appellant admits the testimony of Polido was properly in evidence under the first count of the indictment, but argues that, since it was inadmissible under the second count, which alone was submitted to the jury, the state's attorney had no right to comment upon it. No objection was made to this testimony when offered, and no motion to strike same when the case was submitted to the jury upon the second count of the indictment, nor does the record show any suggestion made by appellant to have the court limit the jury's consideration of this testimony. So far as this record shows, the evidence of witness, Polido, was originally admitted, and remained in evidence without any kind of objection from appellant. The appellant cannot object to comment and argument upon testimony to which he has made no objection, and which was in evidence with his tacit consent. Richmond v. State, 96 Tex. Cr. R. 598, 258 S. W. 816. Counsel have the right, in argument to the jury, to comment upon the facts in evidence. Leonard v. State, 20 Tex. App. 442; Branch's P. C. § 370. It seems apparent that the admissibility of evidence cannot be raised by an objection to comment upon it in argument. This would be the logical result of sustaining appellant's contention. The matter under discussion cannot be thus reached.

No error appearing in the record, the judgment is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

---

### CHAPMAN v. HEAD et al. (No. 437.)

Court of Civil Appeals of Texas. Eastland. April 20, 1928.

1. **Pleading ⊂⊃216(1), 228—In passing on demurrer or exception to pleading, nothing can be looked to outside pleading itself.**

In passing on a demurrer or exception to a pleading, nothing can be looked to outside the pleading itself, and unless defect appears on face of pleading it is not subject to demurrer or exception.

2. **Pleading ⊂⊃228—Trial court, in passing on special exception to amended petition, improperly considered abandoned original and first amended original petitions.**

In passing on special exception to amended petition, trial court improperly took into consideration abandoned original and first amended original petition, together with dates of file marks thereof, since, in order for abandoned pleadings to be considered, they must be introduced in evidence and a demurrer depending on evidence for its support is not in fact a demurrer.

3. **Pleading ⊂⊃204(2)—Trial court is not authorized to sustain general demurrer to portion of petition.**

Trial court is not authorized to sustain a general demurrer to a portion of the petition,

but in passing on a general demurrer the whole must be considered.

**4. Chattel mortgages ⬅︎177(2)—Amended petition alleging taking of mortgaged property by writ of attachment held sufficient against general demurrer for failure to allege lien covered converted property (District and County Court Rule 17).**

Under District and County Court Rule 17, to effect that every reasonable intendment arising on pleading shall be indulged in favor of its sufficiency in passing on general exception, amended petition seeking to recover mortgaged property taken under writ of attachment *held* not subject to general demurrer for failure to allege *mortgage lien covered property* alleged to have been converted.

Appeal from District Court, Stephens County; C. O. Hamlin, Judge.

Suit by J. L. Chapman, Commissioner, against L. D. Head and others, wherein James Shaw, Banking Commissioner, was substituted as plaintiff. Judgment of dismissal, and plaintiff appeals. Reversed and remanded.

See, also, 284 S. W. 299.

Spencer & Rogers, of San Antonio, for appellant.

Benson & Dean, of Breckenridge, for appellees.

HICKMAN, C. J. The opinion of this court on a former appeal of this case, reported in 279 S. W. 906, is referred to for a statement of the nature of this litigation. After the case was remanded in accordance with that opinion, appellant filed his first amended, and later his second amended, original petition. James Shaw, banking commissioner of Texas, was substituted as plaintiff. In their third amended original answer appellees demurred generally to appellant's amended petition, and excepted specially to a portion of paragraph 5 thereof, on the ground that it set up, for the first time, a cause of action then barred by the statute of limitation. The judgment discloses that the special exception was sustained; that plaintiff declined to amend; that thereupon the court considered and sustained the general demurrer to said petition; that plaintiff again declined to amend; whereupon the case was dismissed from the docket. Exceptions were taken and notice of appeal to this court given.

[1, 2] The court erred in sustaining the special exception. In passing upon a demurrer or exception to a pleading, nothing can be looked to outside the pleading itself. Unless the defect in a pleading appears upon the face thereof, it is not subject to a demurrer or exception. A demurrer of this nature should never be sustained except in those cases, if there be any, where the petition itself discloses not only the dates of

the filing of the superseded petitions, but also the contents thereof, so that the court, by examining the petition excepted to, could determine that a new cause of action had been pleaded for the first time by the amendment. It appears that the court must have taken into consideration the abandoned original and the first amended original petitions, together with the dates of the file marks thereof. This was not proper. In order for abandoned pleadings to be considered by the trial court, or this court, they must be introduced in evidence. They have no proper place in the transcript. A demurrer which depends upon evidence for its support is not, in fact, a demurrer. There are many cases deciding this exact question, of which the following are illustrative: Lewis v. Alexander, 51 Tex. 578; Grounds v. Sloan, 73 Tex. 662, 11 S. W. 898; Kalteyer v. Wipff (Tex. Civ. App.) 49 S. W. 1055; Newson v. Sharman (Tex. Civ. App.) 119 S. W. 913; Oswald v. Giles (Tex. Civ. App.) 178 S. W. 679; Pyle v. Park (Tex. Civ. App.) 196 S. W. 246; Arbaugh v. Robinson (Tex. Civ. App.) 286 S. W. 339; Orndorff v. Austin (Tex. Civ. App.) 294 S. W. 681.

[3] A general demurrer appears to have been sustained by the trial court to the remaining portions of the petition, after paragraph 5 had been stricken therefrom by the court. We do not think the court is authorized to sustain a general demurrer to a portion of the petition, but in passing on a general demurrer the whole must be considered.

[4] But it is insisted by appellees that the amended petition as a whole was subject to a general demurrer in that it failed to allege that appellant had any title to or interest in the converted property. This question is not free from difficulties. The pleading is not carefully drawn. Briefly, it alleges that the appellees C. E. Delaney et al. instituted a suit in the district court of Stephens county against George S. Homan, and caused a writ of attachment to be sued out therein and placed in the hands of appellee Head, as sheriff of Stephens county, with instructions to levy upon certain drilling tools and equipment of said Homan; that in pursuance of such instructions, the said Head, as sheriff, executed said writ by levying upon certain personal property belonging to the said Homan, which is particularly described in the petition. It alleges that the appellees Delaney et al. purchased said property at said sale, and converted same to their own use and benefit, moving it beyond the jurisdiction of the court and changing its identity, so that it cannot now be identified, "and have deprived this plaintiff of the security for his debt." It then alleges that the said George S. Homan, prior to said attachment, executed and delivered to a bank of which appellant was then in charge,

for the purpose of liquidation, a certain promissory note, and as security for said note he also executed and delivered to said bank a chattel mortgage "covering one complete string of drilling tools located at that time on the Sharpe & Mahaney lease, Stephens county, Tex." The allegation is then made that the chattel mortgage was duly filed with the county clerk of Stephens county, on March 8, 1921, and registered by the clerk in the chattel mortgage records of said county. Follows, then, this allegation:

"That at the time of the issuance of the said writ of attachment, as above alleged, the defendants C. E. Delaney, Mike Scott, W. J. Cummings, and J. J. Champion had notice of the prior mortgage lien of plaintiff and knew that plaintiff was asserting a lien upon said property, or could have known such fact by the use of reasonable diligence; that the defendant L. D. Head, at the time of the levy and sale of said goods as aforesaid, knew, or could have khown by the use of reasonable diligence, that plaintiff had a mortgage lien upon said property; that the. attachment of said property as aforesaid is a wrongful conversion thereof, and by reason thereof this plaintiff has been deprived of his lien upon said property."

Nowhere in the petition is the allegation made that appellant's mortgage lien covered the property alleged to have been converted. But we have concluded that, by indulging every reasonable intendment arising upon the face of the pleading in favor of the sufficiency thereof, the pleading was not subject to a general demurrer. Rule No. 17 for the District and county courts provides:

"General exceptions shall point out the particular instrument in the pleading, to wit: The original petition or answer, or the respective supplements to either; and in passing upon such general exception every reasonable intendment arising upon the pleading excepted to shall be indulged in favor of its sufficiency."

This rule has been rather liberally construed, as is indicated by the following decisions: City of Austin v. Schlegel (Tex. Com. App.) 257 S. W. 238; Gibbens v. Bourland (Tex. Civ. App.) 145 S. W. 274; Hoechten v. Standard Home Co. (Tex. Civ. App.) 157 S. W. 1191; Hotel Dieu v. Armendariz (Tex. Civ. App.) 167 S. W. 181; Bolt et al. v. State Sav. Bank of Manchester, Iowa (Tex. Civ. App.) 179 S. W. 1119; Sovereign Camp. W. O. W. v. Piper (Tex. Civ. App.) 222 S. W. 649; Landrum v. Turney (Tex. Civ. App.) 239 S. W. 366.

We have concluded that the same liberal construction will sustain the petition in this case as against a general demurrer.

The above questions are the only ones presented by the record for our determination, and dispose of the appeal. But since the case must be again tried, and the answer of appellees contains a plea of limitation in bar of appellant's suit, we think it proper to indicate to the learned trial judge that we do not believe such a new cause of action was alleged by the amended petition as that it was barred by the statute of limitation. We do not think it necessary to enter into a discussion of this question since it is not properly before this court, and since we are not authorized to consider these abandoned pleadings appearing in the transcript; but a study of the case of Reclamation Co. v. Simmons, 293 S. W. 194 (error refused), and the authorities therein cited, will indicate the view of this court with reference to this question.

For the errors indicated, the judgment of the trial court is reversed and the cause remanded.