**CORRELL v. E. L. WHITE & CO. et al.**

No. 13132.

Court of Civil Appeals of Texas. Fort Worth.

March 15, 1935.

Rehearing Denied April 19, 1935.

Clay Cooke, of Fort Worth, for appellant.

Todd & Crowley, of Fort Worth, for appellees.

BROWN, Justice.

Appellant brought suit in the district court of Tarrant county against appellee, having appealed from a judgment of the Industrial Accident Board of Texas, wherein·the board found that appellant had not made proof of either giving notice of his injury or of making a claim for compensation within the statutory period, and had not made proof of any good reason for such failure.

There is no complete statement of facts before us. None was attempted to be filed in this court. There is a "transcript of evidence" which contains nothing except certified copies of records from the Industrial Accident Board, introduced to show jurisdiction of the district court to hear the cause, and testimony to establish the fact that appellant is a pauper, and to show excuse for not filing a cost deposit, cost bond, or pauper's affidavit sooner than was done.

There is no transcript of the evidence, if any there were introduced, tending to support any issuable fact submitted to the jury, although twelve such issues and their answers appear in the record.

In answer to the first issue, the jury found that the injury to appellant's right index finger was not a total loss; this answer rendered answers to issues 2 and 3 unnecessary. In answer to issue 3a, the jury found appellant suffered a partial loss; to 3b, that it is a 25 per cent. loss; to 3c, that the partial loss extended for twelve weeks from February 22, 1929, the date of injury; to issue 4, that appellant's average weekly wage was $40.

Issue No. 5 reads as follows: "Do you find from a preponderance of the evidence that Dr. Ross Trigg told the plaintiff L. O. Correll that his finger would heal and he would be able to use the same in his occupation?" The jury answered, "Yes."

Issue No. 6 inquires whether or not Dr. Trigg repeated such statement continuously from time to time up to February 10, 1932 (the date appellant gave notice and made claim for compensation); the jury answered, "Yes."

Issue No. 7 inquired as to the truthfulness of such statements and the jury found they were untrue.

In answer to issue No. 8 the jury found that appellant relied solely upon the statements so made.

The last issue, No. 9, is as follows: "Do you find from a preponderance of the evidence that the plaintiff L. O. Correll in the exercise of reasonable diligence (as that term is defined for you above) on his part could have discovered that the said statements, if any, as inquired about in issue No. 5, were untrue, at any time prior to February 10, 1932?" The jury answered such question, "Yes."

The trial court defined reasonable diligence as follows: "Reasonable diligence, as that term is used in this charge, means that degree of diligence that an ordinary diligent person would use under the same or similar circumstances."

Receiving such a verdict from the jury, the trial court rendered judgment for the compensation insurance carrier, appellee here, and plaintiff below has appealed.

From the transcript of the proceedings, sent up by the district clerk, we find appellant claiming that on February 22, 1929, he was working for E. L. White & Co., which company carried compensation insurance with appellee, and that appellant claims to have received an injury to the first finger of his right hand, while at work for his employer; that he claims to have been sent to Dr. Ross Trigg by his employer, for treatment; he claims that Dr. Trigg was the insurance company's physician; that the physician assured him he would regain the full use of his finger; that he believed the statements so made, and did not put in his claim for the loss of the use of his finger; that he continued working for his employer, but not as a cabinet maker, which was his trade; that he believed the statements until he was discharged by the physician; that he has been permanently and totally disabled,·through the loss of the finger.

In the "transcript of the evidence" we find the testimony of appellant's counsel that he filed a claim, or mailed it, to the insurance carrier on February 1, 1932, and mailed a similar claim to the Industrial Accident Board which was filed on February 11, 1932, with the board. A certified copy of such claim appears in the record so filed. Thus it appears that the appellant lacked only eleven days of waiting three years after his accident to file a claim with the Industrial Accident Board.

There is no finding by the jury that Dr. Ross Trigg had any connection with the appellee insurance company; and there is no statement of facts showing that any evidence was introduced to establish such fact.

The judgment of the trial court is for the defendant below and appellee here and appellant contends that such judgment has been rendered notwithstanding the jury's verdict.

If there were no evidence connecting Dr. Trigg with the insurer, the findings made by the jury as to his statements to appellant would furnish no excuse whatever for appellant's failure to exercise diligence in filing his claim with the proper authorities.

Without a statement of facts, we are unable to see what was in the trial court's mind when he rendered judgment with a verdict in his hands that did not find Dr. Trigg was acting as an agent of the insurer.

But we do find that the jury returned a verdict saying that by the exercise of reasonable diligence, as defined by the court, appellant could have discovered prior to February 10, 1932, that the statements made by Dr. Trigg were not true. And we find that the jury returned a verdict saying that appellant only suffered partial disability which partially incapacitated him for work for only twelve weeks from the date of his accident.

From the record, it appears that appellant has been guilty of laches, and has shown no good cause for his failure to file his claim with the board, within a reasonable time. Holloway v. Texas Ind. Ins. Co. (Tex. Com. App.) 40 S.W.(2d) 75; Durham v. Texas Ind. Ins. Co. (Tex. Civ. App.) 60 S.W.(2d) 255; Consolidated Underwriters v. Seale (Tex. Civ. App.) 237 S. W. 642.

Finding no error in the record, all assignments of error are overruled, and the judgment of the trial court is affirmed.