## GRIFFITH v. ASSOCIATED EMPLOYERS' RECIPROCAL et al. (No. 475.)

Court of Civil Appeals of Texas. Eastland.
Sept. 21, 1928.

Rehearing Denied October 19, 1928.

E. E. Clack and W. H. Hall, both of Dallas, for appellant.

Saunders & Bounds, of Breckenridge, E. C. Gaines, of Austin, Levy and Evans, of Fort Worth, Wm. N. Bonner, of Wichita Falls, and McLean, Scott & Sayers and W. W. Alcorn, all of Fort Worth, for appellees.

LESLIE, J. This is a suit to recover compensation under the Employers' Liability Act of Texas. The facts of the litigation are substantially as follows: Appellant, Herlie Griffith, alleges that on or about July 22, 1922, he sustained a personal injury while in the course of his employment in Shackelford county, Tex., and that he thereafter gave notice and filed claim with the Industrial Accident Board for compensation, stating in such notice and claim that he was employed by the Dorsey Lumber & Rig Company, holders of a policy of compensation insurance issued by the Associated Employers' Reciprocal, one of the appellees herein; that the Board made an award in his favor but denied a lump sum settlement; and that both parties thereafter filed suit in the district court of Shackelford county to set aside the award. The suit of the insurance carrier was later consolidated with the suit of Griffith, and this case has proceeded thence as a suit by Griffith against the Associated Employers' Reciprocal.

By agreement the case was transferred to Taylor county, and on a trial there resulted in a judgment for Griffith, from which the Associated Employers' Reciprocal appealed. The Court of Civil Appeals in said case, 264 S. W. 346, reversed and remanded the case, basing its decision upon its finding as a fact that Griffith was not, at the time of his injury, an employee of Dorsey Lumber & Rig Company, but was an employee of Thomas Gleason. After the case had been remanded plaintiff amended and alleged that he was an employee of Thomas Gleason and that the policy should have covered Gleason from January 1, 1922. A rider was attached to the policy on August 8th, subsequent to the injury, indicating the inclusion of Thomas Gleason in the protection of the policy.

On the 16th day of October, 1925, the case was transferred to the Ninety-Fifth district court of Dallas county, where, on the 25th day of February, 1926, the court sustained the plea of abatement in bar presented by Associated Employers' Reciprocal and it was dismissed from the suit.

On the 19th of June, 1926, the plaintiff by filing his fifth amended petition, again making the Associated Employers' Reciprocal a party defendant, along with a number of policy holders previously sued, made for the first time the appellees Monnig Dry Goods Company and the Superior Laundry Company defendants to said suit. These defendants filed pleas in abatement in bar, general demurrer, exceptions, etc. The Associated Employers' Reciprocal, which had been recited upon the fifth amended petition, filed similar pleas.

All other defendants, except those just mentioned, having been dismissed from the suit by the plaintiff, the case came on for trial. Whereupon, for the purpose of enabling the court to pass upon said pleas, the statement of facts filed herein was agreed to by the respective litigants and presented to the court that it might be aided in so far as such facts lent aid in disposing of the pleas.

After being thus returned to the district court of Shackelford county the cause came on for hearing upon the record indicated. The court sustained the pleas in abatement, in bar, and the exceptions of the Associated Employers' Reciprocal, as well as those of the appellees Monnig Drygoods Company and the Superior Laundry Company. The latter two appellees appear to rely upon the same contentions.

The appeal will be disposed of first as to the Associated Employers' Reciprocal. The appellant presents this appeal upon three assignments of error and 18 propositions thereunder.

From the foregoing statement it will be observed that on February 25, 1926, while this cause was pending in the Ninety-Fifth district court of Dallas county, that court sustained a plea in abatement in bar urged by the Associated Employers' Reciprocal, appellee herein, and it was dismissed from the suit. The action of the court was duly excepted to, but the appellant has not assigned as error the action of the court in so dismissing the said Reciprocal. Thereafter, on July 19th, 1926, the appellant, plaintiff below, filed a fifth amended original petition, again making the Associated Employers' Reciprocal a party to the present proceeding, thus ignor-

ing the action of the district court in Dallas county, and permitting said judgment of dismissal to pass unreviewed by the appellate court and become final.

As noted, the award of the Board was made December 11, 1922. The notice of refusal to abide the same was given by the plaintiff December 23, 1922, long prior to July 19, 1926, the date upon which the Reciprocal was again brought into the suit. Certainly more that 20 days intervened between the date of said notice and the filing of the fifth amended original petition. The cause of action coming on for trial upon the said fifth amended original petition, the appellee Associated Employers' Reciprocal pleaded in bar the fact that it had not been sued in this particular proceeding within 20 days after the notice of appeal from the award, nor within 2 and 4 years after the alleged injury, which occurred July 22, 1922.

■ It is the settled law of this state that the filing of a suit to set aside an award of the Industrial Accident Board must be within 20 days after notice that the award is not accepted, and that this is a jurisdictional prerequisite. Article 8307, § 5, Vernon's Ann. Civ. St.; Mingus v. Wadley, 115 Tex. 551; 285 S. W. 1084.

■■ When a case is dismissed and refiled, limitation runs to the date of the refiling. While an appeal may be had from a final judgment only, and, while it may be said that the action of the Dallas court was not final, yet it was necessary for the appellant to set aside and correct the ruling of that court, if it were error, by having the action of that court reviewed upon a proper assignment, all of which he has failed to do.

Under this state of the record, as presented by the pleadings and agreed statement of facts, it follows that the plea in abatement, in bar, was properly sustained.

The record before us presents further that the statutory notice of the injury, claim for compensation, and award of the Industrial Accident Board all recite that Herlie Griffith was injured while employed by the Dorsey Lumber & Rig Company. Plaintiff's original petition filed January 9, 1923, specifically alleged that the injuries occurred while he was in the employment of the Dorsey Lumber & Rig Company, and on such petition his case was tried in the district court and went through the appellate court, as may be seen from the opinion in the Associated Employers' Reciprocal v. Herlie Griffith (Tex. Civ. App.) 264 S. W. 346, in which the facts of the case, as well as the plaintiff's original theory of the same are clearly stated. In connection with these facts and after the above opinion was delivered by the appellate court, the plaintiff filed his fifth amended original petition (heretofore noticed) and therein alleged for the first time (June 19, 1926) that on the occasion of his injury he, in addition to being in the employment of said Dorsey Lumber & Rig Company, "*was also in the employment of Thomas Gleason individually*," who was alleged to be covered by the policy. The indorsement on the policy so as to let the same cover Thomas Gleason was made August 8, 1922, after the injury to Herlie Griffith on July 22, 1922.

■ From this it appears that as to Thomas Gleason there has been no notice of injury, no claim for compensation, and no adjudication by the Industrial Accident Board, all of which are jurisdictional facts, as every step in maturing a claim for compensation under the Workmen's Compensation Law is mandatory and jurisdictional. Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084; Associated Employers' Reciprocal v. Griffith (Tex. Civ. App.) 264 S. W. 346.

■ The authorities and especially the one last cited are clear that one may not claim compensation and obtain an award as the employee of one person and then sue in the courts as an employee of another, for as to such other person the jurisdictional prerequisite would not have been observed. It follows that when the pleading was amended and it was alleged that Thomas Gleason was his employer, plaintiff set up a new and different cause of action, resting upon none of the statutory prerequisites.

For the above reasons the Associated Employers' Reciprocal is not liable under the allegations of the plaintiff's pleadings and upon the facts presented.

If we are correct in these conclusions they would appear to bar any recovery against appellees Monnig Drygoods Company and the Superior Laundry, but to be more specific we do not sustain the plaintiff's contention that these appellees became liable individually or as partners to plaintiff for his injuries simply because they were subscribers to this Reciprocal.

■ From the pleadings and facts before us appellant, Griffith, waived "his right of action at common law or under the statute" to recover damages for his injuries against his employer, and section 3c of said article (8306) provides:

"From and after the time of the receipt by the Industrial Accident Board of notice from any employer that the latter has become a subscriber under this law, all employees of said subscriber then and thereafter employed, shall be conclusively deemed to have notice of the fact that such subscriber has provided with the Association for the payment of compensation under this law."

In section 3 of said article it is further provided:

"The employees of a subscriber * * * shall have no right af action against their employer * * * for damages for personal injuries, * * * but such employees * * * shall look for compensation solely to the Association."

It is clear from these provisions that all manner of causes of action against a subscriber individually for damages or compensation is destroyed and that the claim for compensation is "solely to the association or the company issuing the policy," and in our opinion there could be no partnership liability of a member or such subscriber.

· The law apparently deals with the liability of the Association as a unit and not in a several sense. This is true of any carrier of the insurance. The provisions quoted provide a sole remedy and that against the Association. It negatives any right of action against the employer or subscriber. It would not be contended that a policy holder in the Texas Employers' Insurance Association itself would be liable as a partner or individually and yet the subscribers in that concern are members, its affairs are governed by the subscribers and their liability is limited in the respects almost identical as in a reciprocal, such as the Associated Employers' in the instant case.

In Texas a reciprocal insurance exchange operates by virtue of the statute, the most pertinent provisions of which, as applied to the facts of this case, are: Articles 5024 to 5033; article 8309, §§ 1 and 2; article 8306, §§ 3, 3a, 3b, 3c. The Reciprocal in the instant case transacted business upon the authority of a license granted by the Commissioner under article 5032, R. S., after it had complied with the provisions of the law and submitted to said Commissioner the form of policy it proposed to issue (R. S. art. 5026, subd. 3) as well as the power of attorney under which its subscribers agreed to exchange insurance (Id., subdivision 4). The power of attorney by express provisions became a part of the policy contract, and the law, as is always the case, also entered into and became a part of every policy of insurance issued by the Reciprocal to its subscribers or the various employees.

Bearing in mind these considerations, it must be held that the terms of the policy issued by the Reciprocal in the instant case preclude any recovery whatever against the insurers individually or as members of a partnership, for such liability is stipulated against by the terms of the policy and the form of the policy and the issuance thereof are sanctioned by the statute.

In the contract of insurance under discussion the employee Griffith became a party thereto both in law and in fact, and therefore bound by its provisions. On entering the services of an employer or subscriber to the Association he was "conclusively deemed to have notice of the fact that such subscriber has provided with the Association for the payment of compensation under this law" (R. S. art. 8306, § 3c), and that he would be bound to look for compensation "solely to the Association" (R. S. art. 8306, § 3).

Such employee knows the provisions and terms of the contract, has notice of its existence, and, by failing to give notice to his employer, as provided in R. S. art. 8306, § 3a, that he claims his "right of action at common law or under any statute," he thereby makes himself a party to the contract as a matter of fact. Griffith thus being a party to the contract, he, as well as all other parties thereto, could and did, in the instant case, limit their rights and liability as among themselves in such manner that the subscribers do not owe their liability to an individual claimant but to all claimants through the Association to the limited extent of two premiums in any year; and the claimant, as per the contract, binds himself to look solely to the Association for compensation for damages. Sergeant v. Goldsmith, 110 Tex. 482, 221 S. W. 259, 10 A. L. R. 742; Merchants' & Manufacturers' Lloyd's Ins. Exchange v. Southern Trading Co. (Tex. Com. App.) 229 S. W. 312.

For these reasons we believe that upon the direct issue of whether or not an employer is liable as a partner or otherwise than in his contract for workmen's compensation, the judgment of the trial court is correct and should be sustained. The appellant's assignments are overruled, and the judgment is affirmed.