## WHITE v. UNITED STATES FIDELITY & GUARANTY CO.

### No. 2183.

Court of Civil Appeals of Texas. Beaumont.
Jan. 21, 1932.

James A. Harrison and Tom C. Stephenson, both of Beaumont, for appellant.

Hunt & Hunt and H. G. Butts, all of Houston, for appellee.

WALKER, J.

This suit was filed in the district court of Jefferson county by appellant, Cecil J. White, against appellee, United States Fidelity & Guaranty Company, in the nature of an appeal from an adverse award of the Industrial Accident Board. The appeal is from the judgment of the district court dismissing the case on jurisdictional grounds. No statement of facts is in the record. The following statement is taken from the recitation in the judgment of the lower court:

By written notice received the 26th day of May, 1930, the Texas Company notified the Industrial Accident Board, hereinafter referred to as the board, that it had become a subscriber under the Workmen's Compensation Act (Vernon's Ann. Civ. St. art. 8306 et seq.) by insuring with appellee, the policy of insurance effective of date the 1st day of June, 1930, and expiring June 1, 1931. By written notice dated the 23d day of May, 1930, appellee notified the board that it was carrying the workmen's compensation insurance of the Texas Company, effective the 1st day of June, 1930, the policy expiring the 1st day of June, 1931. By written notice dated the 15th of July, 1930, appellant notified Texas Refining Company as follows: "This is to notify you Texas Refining Company that on the 11 day of June 1930, at about 5 o'clock P. M. I sustained personal injury while in the employ of Texas Company, Pt. Arthur, Texas. The place of injury was Near #1 Pump House Light All Agitators in Refinery." This notice was received by the board on the 17th day of July, 1930. The injury described in this notice is the basis of this litigation. Appellant filed his claim for compensation in writing with the board on the 17th day of July, 1930, containing the following recitations:

"This is to notify you Texas Refining Company that I claim compensation from you under the Employers' Liability Act for personal injury sustained while in the employ of Texas Refining Company at Pt. Arthur, Texas.

"The time of my injury was 5 o'clock on the 11 day of June 1930.

"The place of injury was near #1 Pump House Light all Agitators in Refinery.

"The cause of my injury was while fighting fire in refinery men turned fire hose loose and ran when explosion occurred and fire hose with pressure on it whipped around and struck me on left side and chest, causing much soreness and pain and injury to ears."

On the 11th day of December, 1930, the board made its final award in favor of appellant for six weeks' total incapacity, containing the following recitation of facts:

"On this 11th day of December, A. D. 1930, after due notice to all parties at interest, came on to be considered by the Industrial Accident Board claim for compensation made and asserted herein by C. J. White against the United States Fidelity and Guaranty Company, which has not been settled by agreement between the parties, and the Board now finds and orders as follows:

"That said Texas Company was a subscriber to the Employers' Liability Law, through and by virtue of a policy of compensation insurance carried with the United States Fidelity and Guaranty Company, and had in its employ one C. J. White who sustained injuries while engaged in the course of his employment on June 11th, 1930, and whose average weekly wage made the predicate of compensation herein is the sum of $30.00, and consequent rate of compensation the sum of $18.00 per week, and it is so ordered, adjudged and decreed by the said Board."

By written notice dated the 18th of December, 1930, received by the board the 24th of December, 1930, appellant notified the board that he would not abide by its final award on his claim. On the 12th day of January, 1931, appellant duly filed this suit against appellee to set aside the award and to recover compensation as for permanent total disability. In this petition he alleged that he was injured while "in the employ of The Texas Refining Company in the town of Port Arthur, Jefferson County, Texas," and that he received his injuries while in the course of his employment; that he received his injuries "while in the Texas Refining Company plant." The following additional allegations are material on the jurisdictional issue:

"That on the date of the accident to Plaintiff, and long prior thereto, there was in force and effect a compensation insurance policy issued by defendant to plaintiff's employer, the Gulf Refining Company, whereby under the provisions of the Employers' Liability Law or Workmen's Compensation Act of Texas, of 1913, and various amendments, the plaintiff became entitled to payment of compensation from defendant upon receipt of the injuries and disabilities aforesaid; that the said Gulf Refining Company was eligible to carry compensation insurance, it having in its employ at all times more than three employees, and being engaged in a business eligible under the Act to carry such insurance.

"* * * Plaintiff, shows that he had followed his occupation of that of a laborer, for the Gulf Refining Company, in the Town of Port Arthur, Jefferson County, Texas, for more than to-wit Eighteen (18) months, but had worked for Seven (7) days on this particular job; and on the date of the receipt of his injuries and disabilities he was earning the sum of $5.20 per day, as such, and had worked for substantially the year preceding the date of his accident and injuries as a laborer on the jobs for the Gulf Refining Company, and others, and that $5.20 per day was his average daily wage on the days when so employed.

"* * * Plaintiff shows in this connection that he desires a lump sum settlement made of his claim, herein, and on grounds therefor shows; that he is of the age of to-wit, Twenty-five (25), and that he cannot follow any other occupation other than that of a laborer, which he did for the Gulf Refining Company, in the Town of Port Arthur, Texas, in Jefferson County."

On April 20, 1931, appellant filed his third amended original petition, upon which the case was tried, wherein on the jurisdictional issue he alleged as follows:

"That plaintiff, alleges that the Texas Company, commonly known as Texas Refining Co. at Port Arthur, Texas, is and was, at the time of the issuance of the policy of Insurance hereinafter alleged and on the date of the injuries hereinafter alleged, a corporation, organized and doing business in Texas, under and by virtue of the Laws of the State of Texas, or some other State in the United States of America, and was transacting business at Port Arthur, Jefferson County, Texas, and that the said Texas Company, commonly called and known to Plaintiff as Texas Refining Company, was engaged in a business embraced within and subject to the Workmen's Compensation Act, otherwise known as the Employers' Liability Act, of the State of Texas, and was an employer of Labor, and was on the date of the issuance of the policy of Insurance hereinafter referred to, and on the date of the said injuries entitled and subject to, the provisions of said Workmen's Compensation Act."

By subsequent allegations he pleaded his injuries; that he was an employee of the Texas Company when injured; that he was injured in the course of his employment with the Texas Company, etc. Without further analysis of the trial petition, it is sufficient to say that in all its allegations it stated a cause of action, good under the provisions of the Workmen's Compensation Act, with appellant as employee, the Texas Company as employer, and appellee as insurer, and stat-

ed generally appellant's injuries, the accident, and the place of the accident, as in the original petition. The only difference between the two petitions was the difference in the allegations naming appellant's employer. Upon the jurisdictional facts thus stated, the trial court concluded it had no jurisdiction of the cause of action stated in the third amended original petition, and entered the following judgment:

"It appearing to the court that the notice given the Industrial Accident Board within twenty (20) days before the filing of the Original suit stated a different cause of action from that stated in his Third Amended Original Petition which was filed more than twenty (20) days after the filing of the original notice, the court concluded it has no jurisdiction to hear the case, and that the case be withdrawn from the jury and the jury discharged and this case be dismissed.

"It is therefore ordered, adjudged and decreed by the court that this case be withdrawn from the jury and the jury discharged and case dismissed, and that the said plaintiff pay all costs of suit herein incurred or expended, and that execution issue in favor of the officers of the court as often therefor as may be necessary against each party for its costs respectively expended or incurred, to which action of the court the plaintiff then and there excepted, and in open court gave notice of appeal to the Court of Appeals for the 9th Supreme Judicial District of Texas, at Beaumont."

### Opinion.

■■■ The allegation of the third amended original petition that the Texas Company was generally known to appellant as Texas Refining Company was sufficient to identify the Texas Company with Texas Refining Company, named in the original petition as appellant's employer. Clearly appellant had the right to amend his petition in this respect. As thus construed by this amendment, the original petition named two employers, Texas Refining Company—the Texas Company—and Gulf Refining Company. As to the first-named employer the court had jurisdiction because every essential jurisdictional prerequisite had been complied with. As to the Gulf Refining Company, the allegations naming it as the employer and subscriber, with appellee as insurer, were subject to general demurrer, because it is the law, as ruled by the Griffith Case (Tex. Civ. App.) 10 S.W.(2d) 129, that one cannot claim compensation and obtain an award as the employee of one person and then sue in the courts as an employee of another. But the conflicts between the allegations naming appellant's employers only had the effect of making the original petition bad on general demurrer; and it is the law that, where a petition states a cause of action within the jurisdiction of the court, it is subject to amendment, and the filing of the suit tolls the further running of the statutes of limitations. So the filing of this suit tolled the further running of the twenty days after giving notice of appeal allowed by law for its filing; and, as the only office of the third amended original petition was to correct the mistakes of the original petition, the court erred in sustaining against it appellee's jurisdictional propositions. The only argument against this conclusion would be that the filing of the original suit did not give the district court jurisdiction of the subject-matter of the third amended original petition. As stated above, every essential allegation of the third amended original petition was contained in the original petition except the conflict in the allegations as to appellant's employer. Jago v. Insurance Co. (Tex. Sup.) 36 S.W.(2d) 980, sustains our conclusion that the original suit conferred jurisdiction upon the district court of appellant's cause of action. That case turned upon the nature of a suit to review an award of the Industrial Accident Board; and, though the original petition omitted the name of the claimant's husband, a necessary party under the principles of our general jurisprudence, the Commission of Appeals held it was sufficient to confer jurisdiction upon the district court of the appeal, thereby giving the court power to authorize the filing of an amended petition and the making of a necessary new party long after the expiration of the twenty days allowed for filing the suit after giving notice of appeal.

For the reasons stated, the judgment of the lower court is reversed, and the cause remanded for a new trial.