## NEW AMSTERDAM CASUALTY CO. v. CHAMNESS.

### No. 1155.

Court of Civil Appeals of Texas. Eastland.
Oct. 6, 1933.

Rehearing Denied Nov. 3, 1933.

McCormick, Bromberg, Leftwich & Carrington, of Dallas, and Milburn McCarty, of Eastland, for appellant.

R. N. Grisham and J. A. Lantz, both of Eastland, for appellee.

HICKMAN, Chief Justice.

This suit arose out of the Workmen's Compensation Law. Appellee A. L. Chamness was the employee, George Christie the employer, and appellant New Amsterdam Casualty Company the insurer. The employee sustained an injury to his left eye on the 26th day of March, 1930, in Eastland county, from the effects of which the eyeball was removed a few days later. Claim for compensation therefor was filed with the Industrial Accident Board on the 26th day of October, 1931. From an award by the Industrial Accident Board, each party appealed to the district court, where the causes were consolidated, and, after a trial before a jury upon special issues, judgment was entered for appellee for $2,159.30 for the loss of his eye and $2 per week for 401 weeks for permanent partial incapacity on account of injuries other than those resulting in the loss of his eye. That judgment is properly before us for review.

It is assigned that the claim for compensation was not filed within six months from the date of the injury, and no good cause was shown for not sooner filing same. Article 8307, § 4a, contains this provision: "For good cause the board may, in meritorious cases, waive the strict compliance with the foregoing limitations as to notice, and the filing the claim before the board." The undisputed facts disclose that the claim was not actually filed for approximately nineteen months after the injury was received. In the pleadings of appellee, two grounds claimed to constitute good cause are alleged, namely, first, the representation of George Christie, employer, made shortly after the accident that he carried no compensation insurance, which representation was relied upon by appellee, and, second, that appellee was mentally and physically incapacitated during the interim of the delay to look after the filing of his claim. We have carefully considered the evidence offered in support of the second ground, and have concluded that it affords no support for

the allegation. It would serve no purpose to detail all the facts shown by the record with reference to appellee's mental and physical condition during this period, but we think it sufficient to state that the most it discloses is that he worried because of the loss of his eye. Something more than that is required to establish mental and physical incapacity to file a claim for compensation. That state of mind doubtless results from every serious injury, and, if it were recognized as a good cause for not filing a claim within the statutory period of six months, the effect would be to abrogate the statute. We shall therefore not further notice the second ground pleaded as constituting good cause, and consider the more difficult question of whether the pleadings and evidence support the finding of the jury that the representation of his employer, relied upon by appellee, that he carried no workmen's compensation insurance, constituted a good cause for not sooner filing his claim.

The Workmen's Compensation Law in section 3c of article 8306 reads as follows: "From and after the time of the receipt by the Industrial Accident Board of notice from any employer that the latter has become a subscriber under this law, all employees of said subscriber then and thereafter employed, shall be conclusively deemed to have notice of the fact that such subscriber has provided with the association for the payment of compensation under this law. If any employer ceases to be a subscriber he shall on or before the date on which his policy expires give notice to that effect to the Industrial Accident Board, and to such subscribers' employees by posting notices to that effect in three public places around such subscribers' plant."

The testimony shows conclusively that George Christie, the employer, seasonably gave notice to the Industrial Accident Board of the fact that he had become a subscriber under the Workmen's Compensation Law. The testimony of appellee and one of his fellow employees was to the effect that shortly after the accident Christie told him that he was not carrying workmen's compensation insurance. Christie himself testified to the same effect, stating that he was then laboring under the impression that he had let his insurance lapse. The fact that the representation was made by the employer is well established, and the reason for such representation is shown to be that the employer was under the impression that the policy which he had theretofore been carrying had lapsed. The question presented for decision is: Could these facts be considered by a jury in determining whether good cause existed for the failure of appellee to sooner file his claim? In the case of Texas Employers' Insurance Association v. Clark, 23 S.W.(2d) 405, this court held that section 3c of article 8306, above quoted, dealt only with the relation of employer and employee, and that the employee's ignorance of the fact that this employer was carrying insurance might be considered by the jury on the question of whether he showed good cause for not filing his claim for compensation within the six months period. In so holding we but followed the holding of the Texarkana court in the case of Texas Employers' Insurance Association v. McGrady, 296 S. W. 920. The Supreme Court dismissed the applications for writs of error in both of these cases. Were they still to be regarded as authority, the rule would be that ignorance of the fact that his employer carried compensation insurance would alone support the finding that good cause existed for not filing the claim within the prescribed period. A similar holding was made by the Fort Worth court in the case of Zurich General Accident & Liability Ins. Co. v. Walker, 21 S.W.(2d) 334. A writ of error was granted in that case, and in an opinion by the Commission of Appeals, reported in 35 S.W.(2d) 115, the judgment of the Fort Worth court was reversed, and judgment rendered for the insurance company. It was there held that section 3c of article 8306 applied in actions by an employee against the insurance carrier, and that the employee could not plead absence of actual knowledge that his employer carried compensation insurance as an excuse for not filing his claim within the statutory time. The opinion does not refer to the decisions of this court and the Texarkana court above mentioned, but we must regard it as overruling them on that question, and, if the good cause relied upon here was merely appellee's ignorance of the fact that his employer carried compensation insurance, the Commission's opinion above referred to would be decisive in appellant's favor. Upon our first consideration of the record in the instant case, we were of the opinion that same should be ruled by the Zurich Case, and, notwithstanding it would work an apparent injustice in a meritorious case, we were inclined to reverse and render this cause; but a more careful consideration has convinced us that the question here presented is essentially different from that decided in the Zurich Case. The fact relied on here as showing good cause is not the ignorance on the part of appellee that his employer carried workmen's compensation insurance, but rather that he made timely inquiry of his employer, and was informed by the latter that he was not then carrying such insurance. The statement by the employer, rather than the ignorance of the employee, is the real ground relied upon as showing good cause.

Our statute nowhere undertakes to define good cause. It is probably true that the term is incapable of definition. The standard to be applied to an employee in determining whether good cause existed is that of the conduct of an ordinary prudent man,

the same as in negligence cases. Let us suppose that, immediately after his injury, appellee had written to the board inquiring as to whether or not his employer was a subscriber, and let us further suppose that, on account of an error upon the part of one of its clerks, the board had written appellee that the employer was not a subscriber, and that, relying upon this information, appellee had delayed for more than six months to file his claim. It would indeed be a harsh construction of the statute that would not justify the employee in relying upon this information, but the contention of appellant, carried to its logical conclusion, would lead to that construction. There exists less justification for appellee's relying upon statements by the board than upon statements by his own employer. The latter should reasonably have been expected to be better informed on the subject than the board itself. The employee had the right to expect him to know whether his policy had lapsed.

It will be observed that, by the express provisions of section 3c, art. 8306, above quoted, the duty is placed upon the employer, when he ceases to be a subscriber, to give notice of that fact to his employees by posting notices in three public places around his plant. Suppose the employer in the instant case, thinking that his policy had lapsed, had notified his employees of that fact by posting the notices required by the statute, and suppose further that the employer was in error about the matter, and his policy in fact had not lapsed. Certainly the employee would have been justified in relying upon such notices and for that reason delaying the filing of his claim. To hold otherwise would be to hold that the law requires the employer to give notice to his employees and at the same time denies to such employees the right to rely upon it. If the employee could rely upon posted notices that his employer's policy had lapsed, for equal, if not greater, reason, he should be held to be justified in relying upon the direct representation of his employer to the same effect. It is our conclusion that the facts were properly admitted in evidence to be considered by the jury, and that these facts supported the jury's finding of good cause why appellee did not sooner file his claim.

■ The manner of submitting the issue of good cause for the delay in filing the claim with the board was as follows: By special issue No. 9 the jury was called upon to find whether the employer, George Christie, informed appellee on March 26, 1930, that he (Christie) carried no workmen's compensation insurance. To this issue the jury answered "Yes." Special issue No. 10 was as follows: "If you answer the foregoing issue in the affirmative, then you will answer the following: Do you find from a preponderance of the evidence that such representa-

tions, if any, on the part of said George Christie constituted good cause for plaintiff's failure to file his claim for compensation before the Industrial Accident Board prior to September 18, 1931?" To which the jury answered "Yes." Two objections were timely filed to this issue; one of these objections was that the term "good cause" as used therein was not defined. The trial court did not err in overruling this objection. Texas Indemnity Insurance Co. v. Fry (Tex. Civ. App.) 41 S.W.(2d) 679. The other objection was in this language: "Defendant objects to Special Issue No. 10 because the same asks for any good cause for failing to file claim to September 18, 1931, when the undisputed evidence is that the claim was not filed until October, 1931." This objection should have been sustained. The issue should have inquired whether good cause existed for failing to file claim at an earlier date than same was actually filed. Holloway v. Texas Indemnity Insurance Co. (Tex. Com. App.) 40 S. W.(2d) 75; New Amsterdam Casualty Co. v. Scott (Tex. Civ. App.) 54 S.W.(2d) 175; Texas Indemnity Insurance Co. v. Williamson (Tex. Civ. App.) 59 S.W.(2d) 232; Ocean, etc., Corp. v. Pruitt (Tex. Com. App.) 58 S.W.(2d) 41. The record discloses that the claim was filed on October 26, 1931. It was alleged in the pleading that the claim was filed on September 18, 1931, and that probably accounts for the error of the court in naming that date in the issue submitted to the jury, but there is no evidence supporting the allegation. Appellee himself introduced certified copies of certain documents from the files of the Industrial Accident Board, among which was his claim for compensation, bearing date October 23, 1931, and filed October 26, 1931. It thus appears that there is no jury finding of a good cause existing between September 18th and October 26th. This error was timely called to the attention of the trial court in the objection above copied, and, upon the authority of the cases last above cited, the assignment presenting this question must be sustained.

■ There is another error in the record. The judgment includes an allowance for physician's, hospital, and nurse's fees. No issue covering these items was submitted to the jury, but the trial judge found the amount thereof and included same in the judgment. This was error. These were separate and independent items of recovery, and the evidence supporting same was not of that character which would justify us in holding as a matter of law that the undisputed evidence established that they were reasonable. The jury should have determined the reasonableness of these charges, and the court was not authorized to make an independent finding thereon. The other questions presented probably will not arise upon another trial, and for that reason will not be discussed.

Reversed and remanded.