## PETROLEUM CASUALTY CO. v. DEAN.
### No. 4823.

Court of Civil Appeals of Texas. Texarkana.
March 4, 1936.

Rehearing Denied March 12, 1936.

K. W. Gilmore, of Houston and Stone & Wells, of Henderson, for appellant.

Roy L. Arterbury, of Houston, Robertson & Campbell, of Jackson, Miss., and W. M. Futch, of Henderson, for appellee.

JOHNSON, Chief Justice.

The Industrial Accident Board awarded appellee, Jim Dean, compensation for injuries claimed to have been sustained November 13, 1931, as the result of being "gassed" with poisonous gas while opening a valve on a gas line, in the course of his employment with Humble Oil & Refin-

ing Company, a subscriber carrying workmen's compensation insurance with appellant, Petroleum Casualty Company. Appellant appealed from the award of the Industrial Accident Board and filed suit in the district court of Rusk county, where the injury occurred, to set aside the award and to be relieved of liability.

Appellee answered and filed his cross-action seeking compensation for total and permanent disability.

The case was tried to a jury. In answer to special issues submitted the jury found: "That cross plaintiff, Jim Dean, was totally and permanently incapacitated as the result of an injury, sustained November 13, 1931, by the inhalation of gas, received in the course of his employment by the Humble Oil & Refining Company, of which the Humble Oil & Refining Company had notice within 30 days from the date of the injury, and that cross-plaintiff, Jim Dean, had shown good cause for not having filed his claim with the Industrial Accident Board prior to October 29, 1932, the date on which it was filed; and that failure of appellant to discharge its liability in a lump sum would not work manifest hardship and injustice to Jim Dean. And that the disability suffered by Jim Dean was not the result of any cause, or causes, other than being gassed."

Upon the findings of the jury and other facts in evidence uncontradicted, judgment was entered awarding Jim Dean compensation at the rate of $19.50 per week for 401 weeks. The Petroleum Casualty Company has appealed.

Appellant's first four propositions aver that the trial court erred in overruling its motion for an instructed verdict, because, it is contended, appellee failed both in pleadings and in evidence to show "good cause" for not having filed his claim with the Industrial Accident Board prior to October 29, 1932. The propositions are based upon section 4a of article 8307, R. S., reading: "Unless the Association or subscriber have notice of the injury, no proceeding for compensation for injury under this law shall be maintained unless a notice of the injury shall have been given to the association or subscriber within thirty days after the happening thereof, and unless a claim for compensation with respect to such injury shall have been made within six (6) months after the occurrence of same; or, in case of death of the employee or in the event of his physical or mental incapacity, within six months

after death or the removal of such physical or mental incapacity. For good cause the board may, in meritorious cases, waive the strict compliance with the foregoing limitations as to notice, and the filing of the claim before the board."

■ Appellee was gassed November 13, 1931. His claim for compensation was not filed with the Industrial Accident Board until October 29, 1932, eleven months and sixteen days after the date of his injury. The burden was upon appellee to plead and to prove that good cause continued to exist during that period of time for not having filed his claim prior to October 29, 1932. Ocean Accident & Guarantee Corporation v. Pruitt (Tex. Com.App.) 58 S.W.(2d) 41; Holloway v. Texas Indemnity Ins. Co. (Tex.Com.App.) 40 S.W.(2d) 75. Good cause is not limited by any definition in the statute. Ordinarily, it is a question of fact, the determination of which is committed to the sound discretion of the board in the first instance, and on appeal from its decision in the second instance to the court or jury hearing the facts, and subject to the review as other matters of a like nature by the appellate courts, for want of sufficient pleading or evidence to raise the issue. It is intended that the injured employee shall prosecute his claim with reasonable diligence. Consolidated Underwriters v. Seale (Tex.Civ.App.) 237 S.W. 642.

In presenting the issue of good cause for not having sooner filed his claim with the board, appellee alleged:

"The defendant (appellee) would further show that during the time he was being treated by the physicians employed for such purpose by the Humble Oil and Refining Company, and after being examined by them immediately following his injury and on other occasions subsequent thereto, he was advised that his condition was not the result of inhalation of gas on the occasion in question, but was led to believe by said physicians that his ailment and resulting physical collapse was due to other causes not connected with his employment; that the defendant being an uneducated man and wholly ignorant as to the various causes that might have led to his ailment, relied upon the statements made to him by such company physicians and placed himself entirely in their hands and followed their advice and instructions. Defendant (appellee) would further show that his condition did not improve but steadily grew worse under the treatment

of said company physicians, and after it became apparent that he would not recover he left the company's camp, as above alleged, and went to his home in Hillsboro, Mississippi; that thereafter his condition continued to grow worse until finally he was examined by physicians who were well trained and experienced in diagnosing physical ailments, and that such physicians after diagnosing his case and after observing his symptoms and reactions over a period of time, advised him that the diseased and inflammatory condition of his respiratory organs and the impaired condition of his heart and lungs was the result of the inhalation into his lungs of poisonous gas. Defendant would show that the only time he had been subjected to the breathing of poisonous gas was on the occasion in question, as herein alleged.

"Defendant (appellee) alleges the foregoing facts by way of explanation of his delay in filing his claim with the Industrial Accident Board; that had he been advised by the physicians of the Humble Oil & Refining Company who treated him for more than two and one-half months following his injury on the occasion in question, that his condition was the result of the inhalation of gas, he would have earlier filed his claim and prosecuted his rights, but that when he learned finally that his condition was caused by the inhalation of gas, he took steps to have his rights protected under the law and thereafter diligently pursued his rights afforded him by the Workmen's Compensation Law of this State [Vernon's Ann. Civ.St. art. 8306 et seq.] and has shown good cause for not filing his claim with such Board prior to October 29, 1932."

■ Appellant made no exception to the pleadings. In the absence of an exception, it is thought that the general allegation of diligence in the prosecution of his claim, in addition to the specific facts alleged, was sufficient to admit in evidence the facts showing good cause for not having filed the claim sooner. Diligence in prosecution of the claim necessarily comprehended and included the showing of good cause for any delay in its filing.

[5-7] In respect to appellant's contention that the evidence was insufficient to raise the issue of good cause, the record shows that appellee testified, in substance, that he had been in the employment of Humble Oil & Refining Company approximately two years, when on November 13, 1931, in the discharge of the duties of his employment he turned a gas valve from which gas escaped and was inhaled into his lungs, from which he became very ill and "fell out"; that his foreman instructed his truck driver to carry him to the company's doctor, who gave him some medicine which did not relieve him; that the general superintendent of the company was present and instructed him to be removed to the hospital; that he remained in the hospital three days, then was sent back to his room, and there remained under the care of the company doctor until February, 1932, when he returned to his home in Mississippi, a distance of about forty miles in the country from Jackson, Miss.; that he was caused to believe by the company doctors that his illness was not from being gassed, but was due to bad teeth and other causes not connected with his employment; that he continued to grow worse, and on April 11, 1932, he was X-rayed and examined by a physician in Jackson, Miss., who found that his lungs, heart, stomach and nerves were injured and impaired from the inhalation of poisonous gas, which was the first time that appellee knew or was confirmed in his belief that his condition was caused by the injury he received from the gas on November 13, 1931, whereupon he immediately employed Mr. Campbell, an attorney at law in Jackson, to prosecute his claim for compensation. It appears that appellee was then in a serious physical condition.

Hon. Chas. S. Campbell, the Mississippi attorney employed by appellee, testified in substance that he was not acquainted with the provisions of the Texas statutes regarding workman's compensation; that the state of Mississippi did not have a workman's compensation law; that after corresponding with appellee's employer and its doctors in an effort to ascertain whether or not certain insurance checks which appellee had been receiving were in payment of compensation insurance, he received the following letter from Dr. Potts, one of the physicians who treated appellee at the time he was gassed:

"Dear Sir:

"Referring to your communication of April 21, 1932, regards the case of Mr. Jim Dean, at that time an employe of the Humble Oil & Refining Company of this place, my records show that Mr. Dean entered the Overton hospital on November 13, 1931, suffering with an acute attack of paroxysmal tachycardia and was under my care until November 15th, when he was

discharged from the hospital practically recovered from the attack but still suffering from the effects of same, mostly weakness, and in regard to the refusing to accept him on his examination of re-employment with the above named company, I was not asked by them to make any examination for this purpose. The case was considered a personal case, his condition resulting from natural causes and in my opinion had no connection with his occupation.

"Yours sincerely, Dr. S. E. Potts,
"Overton, Texas."

That after learning that the payments previously received by appellee was not compensation, but was group insurance carried by the Humble Oil & Refining Company for the benefit of its employees, he began correspondence with Texas attorneys to secure their service in preparing and prosecuting appellee's claim for compensation before the Industrial Accident Board of the State of Texas; that he first wrote Hon. Lewis Cutrer, attorney at law, at Houston, Tex., and received a reply from him stating that he .represented the Humble Oil & Refining Company and was disqualified to handle the claim; then he wrote to Mr. Mathis of the firm of Baker, Botts, Andrews & Whorton of Houston, and later received the following reply: "Your letter of July 26th, addressed to Mr. Mathis, came during his vacation, and at his request we now make reply thereto. We are not in a position ourselves to handle this suit. We represent a large number of insurance companies, and are so constantly on the other side of the desk that we would be in eminent danger of finding ourselves disqualified. We recommend Mr. Roy L. Arterbury, Chronicle Building, this city. He is an experienced trial lawyer, and thoroughly dependable. [Signed] Yours very truly, Baker, Botts, Andrews & Whorton."

Whereupon Mr. Campbell wrote to Mr. Arterbury, and after some correspondence with him the file of the case was mailed to Mr. Arterbury. It appears that when the file reached Mr. Arterbury's office he was out on a two weeks' vacation; that when he returned Mr. Arterbury made an investigation of the facts to determine that it was a meritorious claim before he would consent to file it with the board. After investigating the fact, Mr. Arterbury prepared the claim, had it executed, and filed it with the board, October 29, 1932.

The fact that appellee was by the physicians of his employer caused to believe that his condition was not the result of being gassed, but due to other causes not connected with his employment, and that he did not know that his injury was the result of being gassed until he was X-rayed and examined by a physician in Jackson, Miss., on April 11, 1932, we think, was sufficient to constitute good cause for not having filed the claim previous to that date. It further appears that from that date, April 11, 1932, until October 29, 1932, the date on which the claim was filed with the board, appellee and his attorneys were diligently exercising every reasonable effort to properly prepare and present the claim to the board. The delay occasioned by the correspondence of Mr. Campbell in securing the services of a Texas lawyer not disqualified to properly prepare and present the claim does not appear to have been wanting in diligence; and the fact that the Texas lawyer, Mr. Arterbury, took time to investigate the merits of the case before he filed it with the board, we think, is to be commended rather than to be classed as negligence. In New Amsterdam Casualty Co. v. Chamness, 63 S.W.(2d) 1058, 1059, the Eastland Court of Civil Appeals states the rule in the following language: "The standard to be applied to an employee in determining whether good cause existed is that of the conduct of an ordinary prudent man, the same as in negligence cases."

■ The appellant's fifth proposition contends that the trial court was not warranted in awarding appellee compensation computed upon the basis of his salary of $140 per month being received by him at the time of his injury. It appears undisputed in the testimony that appellee began working for the Humble Oil & Refining Company in October, 1929, as a common laborer, at a wage of 50 cents per hour, or $4 per day; that he continued to work in such capacity and at such wage until June 4, 1931, when he was permanently promoted to a position in which he drew a salary of $140 per month, and at which he continued to work until he received his injury on November 13, 1931. Upon these facts it was not error for the trial court to compute appellee's compensation upon the basis of his wages received at the time of his injury. Petroleum Casualty Co. v. Ruby Mae Williams (Tex.Com.App.) 15 S.W.(2d) 553, 556, in which case Judge

1144

Critz states the rule as follows: "Where the employment record shows that the injured employee has been permanently promoted at a higher wage, and at the time of injury is working at such permanent higher wage, it would be right and proper in such a case to compute the average annual wages for the purposes of allowing compensation on the basis of the wages received at the time of injury. Conversely, the same rule would apply where the employee has been permanently demoted at lower wages. This construction of the statute is in harmony with logic and sound economic principles, and such may be looked to in construing the intent and purpose of the statute, where it aids the court in doing so."

By its sixth proposition appellant contends the court erred in submitting to the jury special issue No. 6, reading: "Issue No. 6: Do you find from a preponderance of the evidence that the cross plaintiff, Jim Dean, has shown good cause for not having filed his claim before the Industrial Accident Board, prior to October 29, 1932?" Answer: "Yes."

Appellant contends that the submission of special issue No. 6 was error because: "The court in his charge no where gives to the jury any guide or information as to what may be construed as good cause." Stated in other language, appellant's objection is to the effect that the court erred in failing to define the term "good cause" to the jury. This is held not to constitute error. New Amsterdam Casualty Co. v. Chamness, supra; Texas Indemnity Ins. Co. v. Fry (Tex.Civ.App.) 41 S.W.(2d) 679.

The judgment of the trial court will be affirmed.