On Application for Leave to File Second Motion for Rehearing.

MORROW, Presiding Judge.

On June 29, 1937, there was filed with the clerk of this court the appellant's application for leave to file a second motion for rehearing. At that time the court had adjourned for the term. The decisions are unanimous to the effect that the appellate court is without authority to consider a second motion for rehearing filed after adjournment. See Silver v. State, 110 Tex. Cr.App. 512, 8 S.W.(2d) 144, 9 S.W.(2d) 358, 60 A.L.R. 290; Burleson v. State, 131 Tex.Cr.R. 76, 96 S.W.(2d) 785; Secrist v. State, 131 Tex.Cr.R. 182, 97 S.W.(2d) 196; McNeese v. State, 121 Tex.Cr.App. 421, 52 S.W.(2d) 1049; Ortiz v. State, 121 Tex.Cr.App. 438, 53 S.W.(2d) 58.

The application for leave to file the second motion for rehearing is denied.

**BROWN v. McMILLAN MATERIAL CO. et al.**

**No. 1680.**

Court of Civil Appeals of Texas. Eastland.

June 11, 1937.

Rehearing Denied Sept. 10, 1937.

A. A. Heathington and Kirby, King & Overshirier, all of Abilene, for appellant.

Scarborough & Ely, of Abilene, and Darden, Burleson & Wilson, of Waco, for appellees.

GRISSOM, Justice.

The appellant, Marvin Brown, while employed by the McMillan Material Company, was injured. Said employer carried workmen's compensation insurance with the Republic Underwriters as insurer. Appellant in due time gave notice of the injury and filed his claim for compensation with the Industrial Accident Board. The board made its award. Appellant gave notice of his refusal to abide by its decision and timely filed suit in the district court of Taylor county, in which county the injury occurred. The suit brought by appellant within 20 days after notice of his refusal to abide by the decision of the board was not against the insurer, but was against the employer as defendant. We understand the facts to be that all proceedings prior to the institution of suit were in strict compliance with the law. The original defendant, McMillan

Material Company, filed its plea in abatement in which it alleged the facts hereinbefore set forth, and in particular that at the time of the injury alleged by appellant that it then had a workmen's compensation policy issued by the Republic Underwriters covering the employment of appellant, and that it had fully complied with the provisions of the Workmen's Compensation Law of Texas (Vernon's Ann.Civ.St. art. 8306 et seq.).

After the expiration of the 20-day period following notice of appeal, appellant filed his first amended original petition eliminating the employer as a defendant and making the insurer defendant. Whereupon the McMillan Material Company was by order of the court dismissed from the suit. Thereupon the appellee Republic Underwriters filed its plea in abatement and in bar in which it alleged the prior proceedings before the Industrial Accident Board and in said district court, and alleged that the insurer, Republic Underwriters, was made a party defendant in said suit after the expiration of more than 20 days from the time when appellant gave notice of its refusal to abide by the decision of the Industrial Accident Board.

The material facts are in detail as follows: Within 20 days from the final ruling and award of the board, to wit, on July 22, 1935, appellant gave proper notice of his refusal to abide by the decision of said board. Thereafter, on August 8, 1935, appellant did file suit to set aside said award, but in said suit named the McMillan Material Company, the employer, as defendant, and the Republic Underwriters, the insurer, was not named, nor attempted to be named therein as a defendant, nor was anyone who was thought to be the insurance carrier of appellant's employer named or attempted to be named as defendant in said original petition. On September 5, 1935, appellant filed his amended petition eliminating said employer and naming said insurer as defendant for the first time.

The sole question to be decided is whether or not the filing of suit by a compensation claimant against his employer to set aside an award of the Industrial Accident Board, within 20 days after notice of appeal from the decision of the board, is such compliance with article 8307, § 5, R.S.1925, as amended in 1931 (Acts 42d Leg. c. 224, § 1 (Vernon's Ann.Civ.St. art. 8307, § 5), as to give the court jurisdiction to hear and determine a cause of action set up in an amended petition, filed after the expiration of said 20-

day period, wherein the insurer is substituted for the employer as defendant.

Appellant contends that the court erred in dismissing appellant's suit against the insurer and says that "all of the jurisdictional allegations of the Workmen's Compensation Act having been complied with, the insurer having appeared before the Industrial Accident Board, and having resisted plaintiff's claim for compensation, and having been duly notified of plaintiff's dissatisfaction with the award and his intention to appeal therefrom; and the plaintiff having timely filed suit to set aside the award in the proper court, though naming the employer and not the insurer as defendant, brought the whole case before the court for review, and he could thereafter amend his pleadings and make the insurer a defendant." Appellant makes the most of this contention and presents an ingenious argument to support it. He contends that primarily the controversy as to the right of compensation is between the employer and employee; that they are the real parties at interest; that the insurer is a defendant "as a matter of law." Appellant cites, among others, as supporting his view, the following cases: White v. United States F. & G. Co. (Tex.Civ.App.) 45 S.W.(2d) 756; Jago v. Indemnity Ins. Co., 120 Tex. 204, 36 S.W. (2d) 980; Southern Cas. Co. v. Fulkerson (Tex.Com.App.) 45 S.W.(2d) 152.

In the first cited case, White brought suit to set aside the award of the Industrial Accident Board and in his original petition named Texas Refining Company and Gulf Refining Campany as his employers. After the expiration of more than 20 days from the time notice of appeal was given White amended his petition in which he alleged that the Texas Company was his employer and alleged that said employer was commonly known as "The Texas Refining Company." We think it was correctly held that White could so amend his petition. The employer is not a party to such a suit. White had timely sued the insurer in the proper court and thereby invoked its jurisdiction. The allegation as to the name of his employer was subject to amendment as any other allegations of fact in any suit. Such suit is properly and necessarily between the injured employee and the insurance carrier. All other Texas cases cited by appellant, we think, are distinguishable upon the facts.

■ Article 8307, § 5, R.S.1925, as amended, provides that "any interested party" who is not satisfied with the decision of the board shall within 20 days after its decision file notice of his refusal to abide thereby, and "he" is required within 20 days after giving such notice to bring suit to set said decision aside. Said statute provides "The suit of the injured employee or persons suing on account of the death of such employee shall be against the association." Article 8309, § 1 R.S.1925, defines association as therein used as follows: " 'Association' shall mean the 'Texas Employers' Insurance Association,' or other insurance company authorized under this law to insure the payment of compensation to injured employees or to the beneficiaries of the deceased employees." Republic Underwriters came within such definition. Article 1971, R.S.1925, requires that civil suits in the district courts shall be commenced by petition. Article 2003, R.S.1925, requires that the petition shall state the names of the parties. It has been definitely determined in Texas that remedies under the Workmen's Compensation Act are purely statutory; that each step toward maturity of a compensation claim is a mandatory requirement necessary to invoke the jurisdiction of each statutory agency or court. The filing of suit to set aside the award of the Industrial Accident Board within 20 days after notice of appeal therefrom is a jurisdictional requirement. Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084; Washington v. Travelers' Ins. Co. (Tex.Com.App.) 290 S.W. 738.

■ We are of the opinion that the proper and necessary construction of section 5 of article 8307, is that a suit to set aside an award of the Industrial Accident Board brought by an injured employee. must be against the insurance carrier; that a suit brought against the employer within the 20-day period does not invoke the jurisdiction of the district court and empower it to hear and determine the cause between the injured employee and the compensation carrier, when, after the expiration of the 20-day period, the insurer is for the first time made the party defendant by the employee's amended petition. We think the quoted provision of said statute requires the above interpretation.

In the case of May v. Ocean Accident & Guarantee Corporation, 6 S.W.(2d) 803, 810, the Court of Civil Appeals concluded the facts to be that, within the 20-day period after notice of appeal, the employer, and not the insurer, brought suit against the injured employee, to set aside the award of

the board, and that, after the expiration of said 20-day period, the trial court permitted the insurer to be substituted for the employer as plaintiff. After concluding such to be the facts, it held that the trial court was not authorized, after the expiration of the 20-day period, to permit the substitution of the insurer for the employer as plaintiff. The case was reversed by the Supreme Court but, as to this point, it was reversed on the decision that the Court of Civil Appeals was not correct in its conclusion of fact and that the evidence showed the suit was originally brought by the insurer, but mistakenly indorsed with the name of the employer, instead of the insurer, as plaintiff. Ocean Accident & Guaranty Corporation v. May (Tex.Com.App.) 15 S.W.(2d) 594. As indicated, we are of the opinion that the action of the district court in sustaining the insurer's plea to the jurisdiction and dismissing the case was correct.

As supporting our conclusions generally we call attention to the following decisions: Griffith v. Associated Employers' Reciprocal (Tex.Civ.App.) 10 S.W.(2d) 129; Zurich General Accident & Liability Ins. Co., Ltd., v. Rodgers (Tex.Sup.) 97 S.W.(2d) 674; Texas Employers' Ins. Ass'n v. Nelson (Tex.Civ.App.) 292 S.W. 651; Oilmen's Reciprocal Ass'n v. Franklin, 116 Tex. 59, 286 S.W. 195. Also see Garrett v. Hartford Accident & Ind. Co., 107 S.W.(2d) 726, this day decided by this court.

The judgment of the district court is affirmed.