**TRADERS & GENERAL INS. CO. v. KING.**

**No. 5406.**

Court of Civil Appeals of Texas. Texarkana.
July 21, 1939.

Rehearing Denied July 27, 1939.

Lightfoot, Robertson, Gano & Johnston, of Fort Worth, J. J. Collins and P. H. Garrison, both of Lufkin, and Ben Greenwood, of Palestine, for appellant.

Jones & Jones, of Marshall, and Smith & West, of Henderson, for appellee.

WILLIAMS, Justice.

Lawrence M. King, appellee, recovered judgment against Traders & General Insurance Company, appellant, for 150 weeks' temporary total disability compensation for alleged injuries received by him on July 24, 1935, while employed on the Chicago Oil Company et al. Alford Lease, T. J. Moore Survey, Rusk County. On Janu-

ary 24, 1936, within the six month period, King filed with the Industrial Accident Board, hereinafter referred to as the Board, notice of and claim for compensation for injuries received on said date on above leasehold while an employee of Joe Long and Son Drilling Company, taking the claim number U-21709 on the docket of said Board. On March 30, 1936, the Board made an award in favor of King as an employee of Joe Long Drilling Company. Appellant timely filed notice of dissatisfaction with the award, and on May 2, 1936, within statutory time, filed suit to set aside this award, taking number 12266 on the district court docket. On October 18, 1936, King filed with the Board another notice of injury and claim for compensation for an injury received as an employee of Joe Long, sometimes known as Joe Long and Son Drilling Company or Joe Long and Son, Drilling Contractors at Henderson, Texas. This was given the same claim docket number, U-21709. On December 17, 1936, the Board made an award in favor of King against appellant which was identical to the first award, except that Joe Long was named as the employer. Appellant timely gave notice of dissatisfaction and within statutory time appealed from this award, filing its suit on January 21, 1937, taking number 12688 on the district court docket. On February 8, 1937, King filed with the Board a third notice of injury and claim for compensation for injury received while an employee of Joe Long, sometimes known as Joe Long and Son Drilling Company or Joe Long and Son, Contractors at Henderson, Texas. The Board refused to make an award or to deny compensation, giving as the reason that previous awards on the claim had been made under No. U-21709, but did docket this third claim as No. 22027. King appealed from the Board's notice, timely filing his suit on February 16, 1937, taking No. 12782 on the district court docket. Except as to variations in the name or identity of King's employer, the recitations in each of the above claims and notices were the same.

Upon motion by King the three suits were consolidated under No. 12266. Litigants were required to replead. Material to the jurisdictional question raised in this appeal, King in his amended petition under the consolidated action pleaded the various claims filed with the Board, the awards and the respective suits filed to set aside same. He further alleged that

on July 24, 1935, he was an employee of Joe Long, Rusk County, Texas, sometimes known as Joe Long and Son Drilling Company and sometimes known as Joe Long and Son, Contractors, but that in any event his employer was one and the same person, to-wit, Joe Long, who alternatively was doing business under one of the names above specified or in his own name; and that Joe Long had procured a policy with appellant which covered King as an employee at the time and place he was hurt. In response to special issues the jury found that King was an employee of Joe Long on July 24, 1935; that he received an injury on said date while working for Joe Long on the "Alford lease" in Rusk County; and that King had good cause for his failure to file his claim for compensation against the employer, Joe Long, until the 18th day of November, 1936. Upon these and other findings the court entered judgment for plaintiff. The other findings not here detailed are not material to the jurisdictional question presented. No question is raised as to notice of injury having been received within the thirty day period.

Under various propositions appellant asserts: (1) That King had filed a claim for compensation and obtained an award by the Board as an employee of Joe Long Drilling Company and suit No. 12266 being grounded on that award will not support the judgment here rendered in his favor as an employee of another person, namely Joe Long individually; (2) that after suit No. 12266 had been filed on May 2, 1936, in the district court, the Board was without jurisdiction to modify, change or alter the original award theretofore entered, and upon this contention appellee urged a plea in abatement and special exceptions specially addressed to the subsequent suits, Nos. 12688 and 12782, grounded on the subsequent awards; and (3) that King failed to show good cause as a matter of law for his failure to file his claim for compensation until November 18, 1936. It is not made known to the court the purpose of filing the third claim with the Board, or in what respects·the third claim differs from the second claim as filed. If King made proof of good cause for his failure to file until November 18, 1936, then the third claim subsequently filed would become immaterial. Furthermore, no issue was submitted to the jury to ascertain if King had good cause for failure to file this third claim until February 8, 1937. So we shall not further notice the action of the Board on the third claim.

■■ It is elemental that when notice of dissatisfaction of an award of the Board is timely given and suit to set aside such award has been timely filed, the Board has no further power with reference to such suit so pending in the district court in that the trial on such issue is de novo and is strictly within the power of the court where such suit is pending. Section 5, as amended, of Article 8307, R.C.S., Vernon's Ann.Civ.St. art. 8307, § 5; Booth v. Texas Employers' Ins. Ass'n, Tex.Com.App., 123 S.W.2d 322. Consequently the subsequent award of the Board, the basis of cause No. 12688, is not to be looked as a modification or amendment of the first but will be treated for jurisdictional purposes as an award made in favor of the claimant on a new claim against another employer, that is, as an employee of Joe Long, sometimes known as Joe Long and Son Drilling Company or Joe Long and Son, Drilling Contractors at Henderson, Texas.

It is observed that the first claim for compensation, the basis of suit No. 12266, was lodged against Joe Long and Son Drilling Company as the employer of King, and the first award was made against the Joe Long Drilling Company as employer. Joe Long testified that he had not operated under either of such trade names, but operated under the name of Joe Long, Drilling Contractor. A check given to King in payment for services was signed "Joe Long, Drilling Contractor, per Joe Long." He further testified that he has a son who officed with him for a while; that the son was a drilling contractor operating out of South Texas under the name of Chireno Drilling Company. He gave no reason why his son once had some drilling reports printed up in the name of Joe Long and Son, Drilling Contractors, and why such a sign had been painted on his office door. Long further testified that he knew a man who lived at Longview, Texas, who operated in the East Texas field under the name of Joe Long and Son Drilling Company. Claimant made proof that appellant had issued a policy of compensation insurance, No. WC-4115, to Joe Long Drilling Company, P. O. Box 938, Longview, Texas, and also a policy, No. 3815, to Joe Long, 309 National Bank Building, at Henderson, Texas. Policy No. 4115 covered oil or gas operations in

Rusk, Gregg and Upshur Counties. Policy No. 3815 covered operations in Rusk County.

■ The foregoing summary at least presented an issue of fact to be determined by the jury if claimant's employer was Joe Long, individually, operating under one of the trade names recited in the first claim and award. This he had so alleged. No such issue was submitted or requested. He cannot claim compensation and obtain an award as an employee of one person and then sue in court and obtain a judgment as an employee of another person. Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084; Griffith v. Associated Employers' Reciprocal Ass'n, Tex.Civ.App., 10 S.W.2d 129; White v. United States Fidelity & Guaranty Co., Tex.Civ.App., 45 S.W.2d 756; 45 Tex.Jur. 782. On this phase of the case we have the sole finding that King was an employee of Joe Long at the time and place, and no finding that Joe Long Drilling Company was in fact Joe Long operating under such a trade name. Traders & General Ins. Co. v. Stubbs, Tex.Civ.App., 91 S.W.2d 407.

In connection with the second award in support of suit No. 12688 to set same aside, it is to be noted that this award rests upon a claim filed with the Board on October 18, 1936, more than fourteen months after the date he received his alleged injuries. Claimant alleged that he had good cause for delay for failure to file such notices and claim within the statutory time, in that in the original claim so filed the employer was incorrectly described, but appellant and the employer each knew of such incorrect description, and it was necessary to correctly describe said employer before the Board, all of which facts caused the delay. Plaintiff alleged, further, as good cause for delay in filing his claim that his injuries were slow in developing and he was led to believe by appellant that his injuries were trivial and it would not be necessary to carry his claim before the Board for he would be paid off. The evidence is barren of any such representations made to claimant by his alleged employer or appellant, and claimant in his brief does not contend that there is any evidence to support this latter allegation. Claimant's injuries had developed to such extent as caused him to file claim for same by January 24, 1936, this claim being for the identical injuries set forth in claim filed on October 18, 1936.

This record reflects that claimant was corresponding with the Board before he filed his claim on January 24th, for claimant introduced in evidence a letter to the Board in which appellant advised it had no record of notice of injury and asked time to trace its accident reports. Also in another letter dated January 21st, appellant advised the Board that the Joe Long Drilling Company denied that claimant had worked for that concern, and suggested that the Board obtain from claimant the exact name of his employer, place where he was working, and name of foreman, as there were two or three other employers by a somewhat similar name in the East Texas field. Claimant states that he went over to the bank building in Henderson and saw a sign on a bulletin board by the elevator which read Joe Long and Son, Drilling Contractor, or Company, and he made a correction before the first award was made. He further testified that after appellant had filed its suit on May 2, 1936, to set aside the award he learned that his employer was Joe Long instead of Joe Long Drilling Company. The Board suggested to claimant not to employ an attorney until and unless appellant appealed from this award, as it might be paid off and he would save attorney's fees. Around May 25, 1936, claimant employed an attorney to represent him. The advice of the Board not to employ counsel until or unless the suit was filed, together with the confusion existing over the name of his employer, as is evident from observations herein made, would support a jury's finding that he had shown good cause for failure to file claim against his employer up until that time.

■ But from this time or from the date claimant employed counsel to represent him, there was not any evidence offered to explain the delay or excuse the failure to file this claim until October 18, 1936, approximately five months later. The burden of proof was upon claimant. "It is not sufficient that a claimant for compensation show good cause for failing to file his claim within the statutory period of six months after the injury. Such good cause must be shown to continue up to the time of its actual filing." Durham v. Texas Indemnity Ins. Co., Tex. Civ.App., 60 S.W.2d 255, 257; Williamson v. Texas Indemnity Ins. Co., 127 Tex. 71, 90 S.W.2d 1088; Holloway v. Texas Indemnity Ins. Co., Tex.Com.App., 40

S.W.2d 75; Ocean Accident & Guaranty Corp., Ltd., v. Pruitt, Tex.Com.App., 58 S.W.2d 41; Section 4a of Article 8307, R.C.S.; Petroleum Casualty Co. v. Dean, Tex.Civ.App., 92 S.W.2d 1140. We pretermit a discussion of other assigned errors, dealing with procedural questions.

For the reasons indicated, the judgment of the trial court is reversed and the cause is remanded.